IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| STEVENS TRANSPORT, INC. | } } } } | **JURY TRIAL DEMANDED** |
| Defendant. | } } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Andrew Scott who was adversely affected by such practices. Specifically, Defendant discriminated against Mr. Scott, who is paraplegic, by failing or refusing to hire him because of his disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.   Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Stevens Transport, Inc. ("Defendant"), has continuously been and is now doing business in the State of Texas and has continuously employed at least fifteen employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.   At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7.   More than thirty days prior to the institution of this lawsuit, Andrew Scott filed a charge with the Commission alleging violation of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Since February 5, 2009, the Defendant has engaged in conduct in violation of Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A), and Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by failing or refusing to hire Andrew Scott into the positions of Driver Manager and/or Management Trainee after learning that he is paraplegic.

9.   The effect of the practices complained of in paragraph 8, above, has been to deprive Andrew Scott of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10.   The unlawful employment practices complained of in paragraph 8 were intentional.

11.   The unlawful employment practices complained of in paragraph 8 were committed with malice or with reckless indifference to the federally protected rights of Andrew Scott.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, having a record of a disability or being regarded as disabled.

B.   Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order the Defendant to make whole Andrew Scott by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, pecuniary losses,

compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring.

      D.      Order the Defendant to make Andrew Scott whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to out of pocket medical expenses and job hunting expenses.

      E.      Order the Defendant to make Andrew Scott whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of consortium, and loss of enjoyment of life, in amounts to be determined at trial.

      F.      Order the Defendant to pay Andrew Scott punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 8 above, in an amount to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      I.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No numbers assigned)


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
(214) 253-2746 (telephone)
(214) 253-2749 (facsimile)